Thank you Your Honor. May it please the court. My name is Quentin Rhodes. I'm here on behalf of Spokane Law Enforcement Credit Union. What we're asking the court in this case to consider is extending the informal proof of claim rules that apply to bankruptcy rule 3002 to bankruptcy rule 3004. Under bankruptcy rule 3002 a creditor is required by the claims bar date to submit a proof of claim if he or she wants to participate in the distribution under a chapter 13 plan. And there's a set of forms that they're required to use by the claims bar date. But in the case that goes back to 1963 called Perry v. Claimholders, the 9th Circuit Court of Appeals has said that if the claim is submitted informally without use of the bankruptcy code forms, then that claim is going to be considered even as an informal proof of claim. Let me make sure I got my facts right. You did not submit a form in a timely fashion, right? That's correct, Your Honor. What we've got to do is either find that you did it informally in a way that suffices or we've got to find that the material provided by the other side suffices. Yes, Your Honor. In this particular case the credit union was not represented by counsel, did not submit a proof of claim. But in the debtor's schedules and statements of affairs, she candidly said that I owe this amount and I don't dispute it. So it was a liquidated, undisputed disclosure that she made under oath on the first day of the bankruptcy. Let me ask you a question. If, in fact, no proof of claim was ever needed, why did you file one? Well, Your Honor, we wanted to participate in the distribution. Well, if you didn't need a proof of claim, you would have been able to participate in the distribution by the schedules that were already filed. Well, that's correct, and that's why we're requesting it. I mean, it doesn't seem to me that you're, it seems to me that you made a juxta turn in your argument. You first of all said, we were late, we know we were late, we had a bad employee, they didn't do it right, we know we were late, but please forgive us and let us in anyway. And now you've turned it on your head. You've said, forget that, forget that we filed late, forget that we said we filed late, now turn on your head everything else that has to do with Chapter 13 and give it to us anyway. That's what it seems to me you're arguing. Well, the way I look at it, Your Honor, is that... I know the way you look at it, I just want to know how you really, how we can really get there. I mean, Chapter 11, there's no question that in a Chapter 11 case, the schedules are enough. It's under 11 U.S.C. 111A. Now we're in 13. If Congress thought that the schedules were enough, why wouldn't they have put it in 13 if they didn't put it in 11? Well, Your Honor, I think the same question is pertinent with regard to the informal proof of claim rule. Just a minute. Answer my question. Why wouldn't they have put it in 13 if they thought it was the same as 11, which is what you're arguing? Well... Did they just forget it? They could have overlooked it, Your Honor, but... Is that what you're arguing? But what we're arguing... The problem is when you go to an informal proof of claim and you're looking at something that you should get because you've got an informal schedule, you had to file something, and you never did. You want me to look at what the debtor filed and make it your informal proof of claim. Well, what we're asking... Am I not right? Well, what we're asking is to make it the debtor's. No, but just a minute. You've got to have the claim. You've got to have the proof of claim. There's nothing in the statute that says you don't have to have a proof of claim. So, you're trying to make the debtor schedule your proof of claim. Well, we're trying to make it our informal proof of claim, but we're not trying to make it ours, Judge. Under Rule 3004, the rule allows the debtor to submit a proof of claim on behalf of the creditor. So, you're going to go, did the debtor file a proof of claim for you? Is that your argument? The argument is that by listing the debt as undisputed and liquidated, that functions. It serves the same substantive function as Rule 3004 when the debtor submits a proof of claim on behalf of the creditor. If we're looking at whether the debtor filed a proof of claim for you, there is nothing in what happened here which meets the schedule for the debtor to file the informal proof of claim. If we're looking at whether you have an informal proof of claim anyway, you didn't file it, and then there's nothing in the debtor's schedule which would suggest there was evidence of your intent to hold the debtor liable. There's nothing in there. So, then I go back to, I just keep trying to find a way around, and then I go back to what you did in the first place. You knew you didn't file it on time. You tried to get something done. It didn't work, so now you're trying to turn the thing on its head? Well, what we're asking for, Judge, is if you look at the Fish case, which is a BAP case from 2011, they said that an informal proof of claim requires five elements. It's got to be in writing, it's got to be timely, it's got to be by or on behalf of the creditor, it's got to be submitted to the court, and it has to say the amount and the nature of the claim. So, your argument then has to be that the schedules filed by the debtor were filed on your behalf? That's right, Your Honor. How do I say that they were filed on your behalf? Because I think if we take your argument and rule for you, it sounds as though anything they filed is on your behalf. They might have filed these debts, but I don't think they really wanted to pay it to you. I don't think they were acting as your agent. Well, we don't argue that they're acting as the agent, Your Honor. We argue they're acting in the same capacity as they would have under Rule 3004 if they submitted a proof of claim on behalf of the debtor. But that's a different proposition, that if you're filing a proof of claim on behalf of the debtor, you really are acting as the agent with respect to that act. Well, I think that you're complying with the rule in respect to putting people on notice. I don't know that you're acting as the agent. What you're doing is you're putting people on notice that this debt is out there and needs to be treated in a certain way, its amount and nature. And I think in this case, all of the arguments with regard to the failure to follow the formalities of the rule apply to 3002 and 3004 equally. And this circuit has said that you're excused if you fail to follow 3002 to the letter so long as substantively you followed it and there's no prejudice to anyone. If I look at 3004, 3004 says the debtor files the claim after the time the creditor could have filed it. That didn't happen here. Well, the way we look at it is an early file. Not the way we look at it. The rule. Read the rule. The rule says the debtor may file it after the time the creditor had to file it. That didn't happen here. If the creditor had time to file it, the schedules were already on file. How can 3004 be applicable? Well, Your Honor, there's authority from the Western District of Pennsylvania. A bankruptcy court says that it's not logical to refuse to recognize or allow a claim just because it's early under Rule 3004. And we argue the same thing here, Judge, is that because it's not disputed and because it's liquidated, there's no prejudice to anyone by submitting it out there early. And if there is prejudice, then our argument doesn't hold. But Rule 3002, there is certainly prejudice. They don't have to pay you. If you don't file a proof, you don't get anything. And therefore they get to give it to other people. Or keep it themselves. That's prejudice. Well, that applies equally well to 3002. I understand it does. But what I'm trying to do is each one of these things that you then approached me with, I tried to look at to see if I could get there. And you've heard what I said about 3004. I asked the question. You heard what I said about the listing of the debt as an informal proof of claim. There's no intent to hold the debtor liable by having the debtor file a schedule. Well, I interpret your question as going to the prejudice, Your Honor. No, I'm trying to comply with what you've got to do to get there under the arguments you've made. Under the judicial admissions doctrine, I said to myself, you know, am I by that doctrine? If Congress hadn't already said in 11 what schedules would mean but left out of 13, they didn't want admissions in 13. Or they would have put them in there. Well, Your Honor, it's our view that they may not have considered judicial admissions of undisputed... That's exactly what 11 does, isn't it? It says a claim filed under 501 for any claim that appears in the schedule is filed under 521A1. Well, that's correct, Your Honor. But we don't think that it precludes under 13 for the substance to govern over the form. And that's what the argument here is. It seems to us that running throughout, the principle that runs throughout the seamless web of the jurisprudence of the United States is that form is controlled by substance. And if substantively, no one is prejudiced and substantively you're allowed to... The cases should be decided on their merits substantively. And if there's no prejudice by a failure to file a civil rule, then that rule should not be strictly construed and imposed without exception. In this particular case, if you look at the trustee's briefing, if you look at the debtor's briefing, if you look at the bankruptcy court decision, if you look at the BAP decision, nobody points to any prejudice in the late filed claim. The only prejudice that could be argued, even theoretically, was we have to pay a debt that we admit that we owe. It seems to us that's not undue prejudice. And furthermore, with respect to the other creditors, under Rule 3002, an informal proof of claim does the same thing to other creditors, which says that other creditors have to participate pro rata with the late filed claimant. And so consequently, again, there's no undue prejudice because creditors should expect that they're going to share pro rata with whatever is distributed through the bankruptcy plan. And so what the argument is is that this windfall that the other creditors get because of a failure to file a proof of claim, the loss of that windfall is prejudicial to them. It's our argument that that does not consist of prejudice. They simply got a windfall because of a failure to follow a procedural rule, and we argue they shouldn't get that windfall because in substance, there is no prejudice to anybody's ability to get justice on the merits, on the actual merits of who owes what to whom, and what is the amount of the claim and the nature of the claim. And ultimately, what the argument here is to extend the 3002 exception, that's the informal proof of claim rule, to claims that are listed in schedules under oath as liquidated and undisputed. Now, you know, you might have, I understand all the policy arguments. The trouble is you've got a statutory and rule structure that doesn't help you out very much. Well, agreed, Your Honor, and our only argument is that's true for 3002, and it's been the law in this circuit for over 50 years that you could get an exception from that if certain elements are met, and we think in substance they're met here for 3004 as well. Got it. Let's hear from the other side, and you've saved some time. Thank you. For the record, my name is Bob Drummond. I'm the appellee here and the Chapter 13 trustee at the bankruptcy court level. Here's the fundamental problem with the credit union's argument, and it goes back to the schedules can't serve as an informal proof of claim because the precedent here in this circuit says that there's this five-part test, that there has to be a presentment in writing within the time for filing the claims by or on behalf of the creditor, and the schedules aren't filed by or on behalf of the creditors, and the schedules serve a completely different purpose than the proof of claim as well. As the trustee, when I'm administering the terms of this confirmed Chapter 13 plan, I make disbursements on claims, on allowed claims. The rules say that I can make a disbursement on allowed claims. The plan says that I can make a disbursement on allowed claims, and the fact that the schedules recognize that a debt exists doesn't also stand as a statement by the debtor that that's going to be paid in the Chapter 13 case. I pay allowed claims. I don't pay on debts, so the debtor complied with her obligation in this case by filing schedules and completely and accurately listing all of the creditors, but she was not filing those for the purposes of assuring that everybody that was listed in the schedules would receive a disbursement under the plan. In fact, it's common in Chapter 13 that creditors are listed that don't file claims. In those cases, once the plan is confirmed, we don't pay those because we don't have an allowed claim to make a distribution on. So the court should hold that the bankruptcy appellate panel correctly recognizes that. I'm far from a bankruptcy expert, so you can just help me out as a matter of practice. You said that it's fairly common in Chapter 13 proceedings for creditors not to file claims, even though they have them. How does that happen? It could be for a variety of reasons. The court should recognize that when we do these Chapter 13 cases, we're making plan payments to creditors over a period from 36 to 60 months ordinarily. I would guess that some of these creditors just don't want to deal with that over a five-year period. Some of the unsecured creditors don't get paid until the end of the plan, so it may be at month 58 or 59 before they start receiving their disbursements. So I can't speak for the creditors, but I can say that I would surmise that many of the creditors that don't appear have some particular reason for making that decision. It's not required to file a proof of claim. This particular debt, however, doesn't fall within any of the categories you just described. I mean, there's enough money here at stake. Had I been the debtor and there's no proof of claim filed by the creditor, I would have said, oh, that's interesting, that's surprising. They must have a problem back at the bank. Like, for example, a disgruntled employee. She could have said that, and it made a difference to the debtor in this case. She's a physician, she's making large plan payments, and her plan contemplated payment of all allowed claims in full. So it made a difference to the debtor in the total funding of the plan whether or not this claim was allowed. And she didn't have to fund her plan as much because the claim wasn't filed in a timely fashion. I want to talk about that aloud for a little bit. If I were to say that the debtor puts it on their schedule, it's automatic, then it would seem to me, if I were the debtor, I wouldn't put any claims on my schedule because then I wouldn't have to pay anybody, and they'd have to come in and file their claims all the time or they wouldn't get anything. What havoc does that play in the Chapter 13 plan? Well, it would probably play havoc in this fashion, ultimately with the discharge. And the creditor that's going to get discharged has to be provided for and without notice the creditor wouldn't be provided for in any fashion by the Chapter 13 process. So I think ultimately it would cause a problem for the debtor because arguably the creditor wouldn't be discharged in the case. Well, the trouble, I guess the thing that I wanted you to talk about is Chapter 13 plans are different than Chapter 11 plans. Chapter 13 plans are different because the debtor comes in, they file their schedules, then it's naturally assumed that all the creditors who want a payment will file approved, and then one is allowed or disallowed, and the payments start happening under the plan. And so therefore the whole process is to get the plan paid and paid as soon as it can be paid and get everybody paid as much as they can as quickly as they can in order to get the 13 debtor through because it's really a reorganization of the working stiff debtor, correct? It really is, correct. And so therefore if we were to say in the midst of this that just putting you on the schedule is enough to say the claim is valid, then at that point debtors could say, well, I'm not going to put them on there, so therefore they will not be paid. And that would destroy the whole process we're trying to do in the Chapter 13 plan, wouldn't it? That would, and I think you correctly recognize probably the basis for Congress adding Section 1111A. The Senate report in 1978 said that the schedules could serve as the claim because in Chapter 11 the schedules are usually accurate. In Chapter 13 we're dealing with a different debtor. We're dealing with a consumer debtor ordinarily, sometimes a small businessman, sometimes a sole proprietor, but usually a consumer debtor who's not sophisticated in the fashion that a Chapter 11 debtor ordinarily would be. When the debtor files their schedules, however they're required, to file them under the penalty of perjury, under oath, that they're complete and accurate and that they've listed all of their creditors. So it's a matter of notice, and that's what the purpose is for the schedules is so that the clerk can provide notice to the creditors to come and make an appearance and show up in the Chapter 13 case. And that's the problem in this case is that the creditor didn't show up until it was too late. Mr. Rhodes made a couple of references to prejudice. I would just offer this, that allowing the claim in the fashion contemplated by the credit union would be prejudicial to the creditors who showed up on time and filed their claims in a timely fashion. To allow it, then, would dilute the amount that was paid to the other unsecured creditors. The debtor would either have to increase their funding to pay everybody in full, or the allowed claims, the timely filed claims wouldn't get paid 100% of what they were owed under the plan. And in this instance, as I understand, with this particular debtor, the failure to file the claim was good for that debtor. The debtor didn't have to pay because they paid everybody else in full. That's correct. And at the end of the case, if she completes the plan, the discharge order will apply to the creditor and the debt will get discharged with no payment. Yeah, prejudice is a hard word to define sometimes. You're defining prejudice as she'd have to pay money that she owed. That's an interesting notion of prejudice. That doesn't mean you lose, but I don't quite agree with you that by escaping a debt that is otherwise lawful and all of a sudden I have to pay it, that that's prejudice. It doesn't mean you lose the case, but I have trouble seeing that that's prejudice. Only in that it would work. There is under the Chapter 13 plan some debt that is not paid, correct? Not under this plan. Correct. Ordinarily, the discharge applies and unsecured debts are discharged in most of the cases that we have. No, this is unusual and it's a 100% plan. Just based on my personal knowledge, I would guess that less than 5% of the cases we get are 100% payment plans. Yeah, in fact, my understanding is that a fair number of Chapter 13 plans fail and they drop into Chapter 7. In Montana, probably 40% of the cases actually go through to discharge. Okay. All right. Unless there are any other questions from the panel, I'll conclude my argument. I have no questions. Thank you. I think you have a couple of minutes, Your Honor. What I'd like to address is these arguments for why the informal proof of claim analysis shouldn't apply to Rule 3004 are the same arguments as why they wouldn't apply to 3002. In other words, in the Chapter 13 plan, we have an unsophisticated debtor. We have a need to pay off creditors. We have a concern that we may slip back into a 7, 60% of the time. 95% of the time, we don't have a payment of all claims. That's true also for the analysis under 3002 that still allows amendment of informal proofs of claim. In those cases that go back to the 1960s, it says, if there's anything that indicates that there's another claim out there, then we're going to allow that and consider it on the substance, not mere procedure so long as there's no prejudice to anyone. That is our argument is that payment of a debt that you admit that you owe is not prejudicial. Now, it's different. For example, if you put in your schedules a disputed debt or something that's not been liquidated and you say, I may owe that but not that much or I don't owe that at all, and you're putting that into your schedules to give that creditor notice to come on in here and let's dispute it, we would submit that that's a different set of circumstances than if you're a creditor, excuse me, you're a debtor, you're allowed under 3004 to submit claims on behalf of the creditors, and you do that in the form of telling the court under oath that I owe this money and I agree that I owe this money. Then if a creditor comes in in a circumstance like this and has made a procedural error, which we did in this case, and asks for forgiveness of that sin in order to participate in a plan when there's money to be paid, it's the same as if a creditor comes in and hasn't submitted the formal proof of claim under 3002. And all of the arguments that says, well, 3004, you shouldn't be allowed that because you missed the deadline, apply equally to 3002, and since this court allows people under 3002 to have that forgiveness of the sin, then we're asking that that be extended to 3004 as well. Thank you. Thank you very much. Case of Spokane Law Enforcement Federal Credit Union v. Barker, submitted for decision. Thank both of you for your arguments, and that concludes our arguments for this morning. We're now in adjournment.
judges: W. Fletcher, Gould, N.R. Smith